UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>TERRY JAMES LYNCH,<br><br>                Defendant. | Case No. 2:12-cr-00105-BLW<br><br>**ORDER** |

On **August 22, 2012**, the Court held a pretrial conference. Based on the discussions at that conference, and to further the efficient administration of this matter,

**NOW THEREFORE IT IS HEREBY ORDERED** that the following deadlines and procedures shall govern the trial in this matter:

1. Trial Date: A **2-day** trial shall commence on **September 4, 2012**, at 1:30 p.m. in the Federal Courthouse in Coeur D'Alene, Idaho. We will proceed from 1:30 p.m. to 5:00 p.m. on the first day. Beginning on day two, trial shall begin at 8:30 a.m. and end at 2:30 p.m., with two fifteen minute breaks.

2. Witness Lists, Exhibit Lists, Exhibits, Proposed Voir Dire, Proposed Jury

Instructions, and Trial Briefs shall be filed on or before **August 24, 2012**.

3. Voir Dire: The Court will generally control voir dire, and counsel will be limited in their questions. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

4. Counsel shall exercise good faith in attempting to reach stipulations on undisputed facts and admission of exhibits.

5. During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m. and 2:30 p.m., except for two standard fifteen minute morning and afternoon recesses.

6. During the time the jury is in the jury box, no argument, beyond one sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. Almost all objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.). If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line

of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

    a.    Examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness did not read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember". These "speaking objections" would suggest an answer.

7. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

8. When counsel announce the name of a witness called to testify, the Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the record. I will then indicate to counsel that she or he may inquire of the witness.

9. Counsel are directed not to lay a foundation for a witness's expertise and then "tender" the witness to the Court as an expert. Rather, the appropriate foundation for the witness's expertise should be laid, and then questions should be put to the witness seeking their opinion. If opposing counsel feels that the foundation is inadequate they may object and the Court will rule.

The process of "tendering" the witness as an expert and having the Court accept that tender suggests that the witness has the Court's imprimatur. As such, it is an improper form of bolstering.

10. Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

11. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by last names.

12. You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid all contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

13. I try to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those sessions will be held at the end of the trial day and may stretch into the evening. At the end of those sessions, we will have refined the issues of contention so that I can give you a set of my final instructions and you can state your objections on the record.

DATED: **August 22, 2012**




B. LYNN WINMILL
Chief U.S. District Court Judge

**ORDER - 5**