UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TERRY JAMES LYNCH,<br><br>　　　　　Defendant. | Case No. 2:12-cr-00105-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion in Limine (Dkt. 16). The motion asks the Court to exclude six categories of evidence. The Government either does not dispute, or does not intend to offer evidence regarding, three of the categories. Therefore, the Court will grant the motion as to those three categories. The Court will address the other three categories below.

## ANALYSIS

**1.    Testimony of Angela Lynch – Marital Privilege**

Federal courts recognize the marital privilege as a way to protect the integrity of marriages and ensure that spouses freely communicate with each other. *United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006) (Internal citation omitted). "The privilege covers (1) only . . . words or acts intended as communication to the other spouse, (2) only

those communications made during a valid marriage, and (3) only . . . those marital communications which are confidential." *Id*. (Internal quotations and citation omitted). However, the privilege is divided into two different categories – the marital communications privilege and the adverse spousal testimony privilege. The marital communications privilege protects from disclosure private communications between spouses. The adverse spousal testimony privilege allows a spouse to refuse to testify adversely to her spouse. *Id*. (Internal citations omitted).

With respect to the marital communications privilege, the Government indicates that it does not intend to ask Ms. Lynch about confidential communications between her and Mr. Lynch. Instead, the Government intends to ask Ms. Lynch about her observations of what occurred during the relevant time period and communications she had with law enforcement. Under these circumstances, the Court will deny the motion as it relates to the marital communications privilege. However, the defendant may raise the objection during trial if the Government questions Ms. Lynch about confidential communications between the couple.

With respect to the adverse spousal testimony privilege, the United States Supreme Court has concluded that the "witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying." *Trammel v. United States*, 445 U.S. 40, 52 (1980). Allowing the witness-spouse to choose whether to testify "furthers the important public interest in marital harmony without unduly burdening legitimate law enforcement needs." *Id*. Thus, it will be left to Ms.

Lynch whether she will invoke the adverse spousal testimony privilege.

**2.    Testimony of Officers Schneider and White – Hearsay**

Defendant asks the Court to exclude testimony by officers White and Schneider regarding statements made to them by an unknown family. The statements are generally that a male and female appeared on drugs, drove a car later tied to Ms. Lynch recklessly through the campground, and that the male pulled a knife on the campground host. Defendant asserts that the statements are hearsay.

Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). The Government suggests that the testimony will only be offered to show the officers' reaction to what they heard from the family. Under these circumstances, the Court agrees generally with the Government that concerns expressed to the officers by third parties about the defendant's behavior are not hearsay. However, if the evidence is only being offered to show the statement's affect upon the officers and to explain why they took specific action thereafter, it is probably not necessary to reveal to the jury the specifics of what was reported to the officers. A bare bones statement that concerns about the defendant's behavior were expressed to the officers should be sufficient.

On the other hand, it is possible that the precise statements to the officers caused them to take specific actions which are relevant in this case. If so, the Government can make a proffer outside the presence of the jury as to why the exact statement and the officer's specific response is relevant. The Court will then determine what additional

details of the third party report may be presented to the jury.

Accordingly, the Court will deny the motion in limine, but subject to the limitations discussed above. However, regardless of what testimony is ultimately offered and admitted, the Court will, at defense counsel's request, give the jurors a limiting instruction that they should not consider the evidence for its truth, but only for the purpose of considering how the officers reacted when they heard it.

**3.      Testimony of Lawrence Leetch – Improper Expert, Irrelevant, Prejudicial**

Defendant asks the Court to exclude Mr. Leetch's testimony that Defendant appeared to be under the influence of methamphetamine when he encountered him at the campground. Defendant first argues that Mr. Leetch should not be allowed to testify as an expert. The Government indicates that Mr. Leetch is not being offered as an expert. Accordingly, the Court will grant the request that he not be allowed to testify as an expert.

Defendant also argues that Mr. Leetch should not be allowed to testify as a lay witness regarding his observations that Defendant was under the influence of methamphetamine. Defendant argues that the testimony is irrelevant and more prejudicial than probative.

Lay witness testimony is limited to an opinion that is: "(1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of

consequence in determining the action. Fed. R. Evid. 401. The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of prejudice. Fed. R. Evid. 403.

Based upon the briefs, the Court understands that the Government intends to offer testimony by Mr. Leetch that he "had conversations with the defendant and he observed that the defendant displayed many of the characteristics of someone under the influence of methamphetamine." *Gov't Resp.*, p. 4 (Dkt. 17). The Government suggests that such testimony is relevant to explaining Defendant's criminal behavior. *Id.*

Defendant is charged with one count of assault for allegedly using a knife to forcibly assault, impede, intimidate, and interfere with a United States Forest Service campground host. *Indictment*, (Dkt. 1). Whether Defendant was under the influence of drugs is not an element of the alleged crime, and the Court finds it almost completely irrelevant. Although Mr. Leetch's observations of Defendant – for example that he was acting in a certain way, that he was sweating, that his pupils were dilated, etc. – may be relevant, any suggestion that what Mr. Leetch observed was the result of drugs is not relevant. Moreover, tying those observations to drug use requires specialized knowledge and an expert opinion, which, as noted above, Mr. Leetch cannot give in this case.

Additionally, any probative value of testimony that Defendant appeared to be on drugs is slight. As noted above, whether Defendant was on drugs is not an element of the alleged crime. On the other hand, the suggestion that Defendant was on drugs may be highly prejudicial. Evidence that connects the defendant with narcotics may provoke the

jury's instinct to punish. *United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995) (Citing *Weinstein's Evidence*, § 403[3], pp. 43-44). Thus, the probative value of the testimony is substantially outweighed by a danger of prejudice.

Accordingly, the Court will allow Mr. Leetch to testify about what he observed, but he cannot suggest that what he observed about Defendant, or what Defendant did, was the result of drugs, or that Defendant appeared to be on drugs.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion in Limine (Dkt. 16) is **GRANTED** in part and **DENIED** in part as explained above.

DATED: **August 28, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge